1
2
3
4                    UNITED STATES DISTRICT COURT
5                    NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES STEINLE**, individually and as heir to **KATHRYN STEINLE**, deceased; **ELIZABETH SULLIVAN**, individually, and as heir to **KATHRYN STEINLE**, deceased; and **JAMES STEINLE** and **ELIZABETH SULLIVAN**, as co-representatives of the Estate of **KATHRYN STEINLE**, <br><br> Plaintiff(s), <br><br> vs. <br><br> **THE UNITED STATES OF AMERICA**, a governmental entity; **CITY AND COUNTY OF SAN FRANCISCO**, a governmental entity; **ROSS MIRKARIMI**, an individual; and **JUAN FRANCISCO LOPEZ-SANCHEZ**, an individual. <br> Defendant(s). | Case Number: 16-cv-02859 JCS <br><br> JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER <br><br><br><br> Date:      December 2, 2016 <br> Time:     9:30 a.m. <br> Location: Courtroom G, 15th Fl. <br>            450 Golden Gate Ave. <br>            San Francisco, CA <br><br> Hon. Joseph C. Spero |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

Page **1** of **8**

*Form updated August 2014*

1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

A.   **Plaintiffs' Position:**

This Court has jurisdiction over all causes of action asserted against the federal government pursuant to 28 U.S.C. § 1346. Additionally, this Court has jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all of the claims arise from a common nucleus of operative facts that are so intertwined that they cannot be reasonably separated.

Venue is proper pursuant to 28 U.S.C. § 1402 because at all times relevant, all of the PLAINTIFFS resided in this district and all of the wrongful acts and/or omissions complained of herein occurred in this judicial district.

B.   **Defendant USA's Position:**

Defendant USA's motion to dismiss argues that the Court lacks jurisdiction over the claims asserted against the United States on grounds including: (i) the discretionary function exemption to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. ("FTCA") precludes this Court from exercising jurisdiction over plaintiffs' claims against the United States for the alleged conduct of United States Immigration and Customs Enforcement; and (ii) plaintiffs have failed to state a claim for negligence under the FTCA because the FTCA does not waive the sovereign immunity of the United States with respect to alleged violations of federal law.

C. **Defendant City and County of San Francisco's Position**

Federal question jurisdiction exists in this matter under 28 U.S.C. § 1331, and therefore this court has jurisdiction to hear the matter. The City and County of San Francisco and Sheriff Ross Mirkarimi have appeared in the case.

2. Facts

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Parties respectfully ask the Court to refer to the Motions to Dismiss Plaintiffs' Complaint filed by Defendants CCSF and USA. Both Motions will be heard by the Court on December 2, 2016.

Page **2** of **8**

*Form updated August 2014*

3. <u>Legal Issues</u>
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Parties respectfully ask the Court to refer to the Motions to Dismiss Plaintiffs' Complaint filed by Defendants CCSF and USA. Both Motions will be heard by the Court on December 2, 2016.

4. <u>Motions</u>
*All prior and pending motions, their current status, and any anticipated motions.*

Defendants CCSF and USA have filed Motion to Dismiss Plaintiffs' Complaint to be heard with this Court on December 2, 2016.

5. <u>Amendment of Pleadings</u>
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Defendants have not yet answered the complaint, so do not currently have any intention of amending a pleading.

Plaintiff does not intend to amend the complaint, but may do so depending on the Court's rulings on the motions to dismiss.

6. <u>Evidence Preservation</u>
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

While the parties have not met and conferred regarding the reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action, each party represents to the Court that reasonable steps have been taken to preserve any electronic evidence relevant to the issues reasonably evident in this matter. Further, prior to filing this case, Plaintiffs sent CCSF a notice of and demand for preservation of evidence. CCSF acknowledge receipt of that letter on September 11, 2015, and stated it "will take all measures to preserve the specified evidence regarding the March 13, 2015, memo. . ."

*Form updated August 2014*

Plaintiffs contemplate the preservation of evidence is broader than evidence relating to the memo and will address this in meet and confer efforts prior to the next Case Management Conference, which the parties respectfully request to be scheduled in 90 days.

7. <u>Disclosures</u>
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties have not yet provided initial disclosures. The parties will meet and confer regarding initial disclosures after the Court's ruling on Defendants' Motion to Dismiss Plaintiffs' Complaint.

8. <u>Discovery</u>
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

The parties have not yet propounded discovery. The parties will meet and confer regarding the scope of anticipated discovery, a discovery plan and an e-discovery order after the Court's ruling on Defendants' Motion to Dismiss Plaintiffs' Complaint.

9. <u>Class Actions</u>
*If a class action, a proposal for how and when the class will be certified.*

Not applicable.

10. <u>Related Cases</u>
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

None.

11. <u>Relief</u>
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

A.   **Plaintiffs' Position:**

Damages are sought for the wrongful death of Kate Steinle, a thirty-two year old woman and loving daughter. Damages are also sought for the bystander claim of James Steinle, who witnessed his daughter Kate suffer a fatal gunshot wound. These damages are

*Form updated August 2014*

mainly non-economic in nature, but there are also economic damages, including but not limited to medical bills and funeral expenses.

**B.     Defendants' Position:**

The pending motion to dismiss may alter the bases on which Defendants contend damages should be calculated if liability is established, and further, may obviate the need to challenge damages altogether. Therefore, Defendants will provide a description of the bases on which they contend damages should be calculated if liability is established at the next Case Management Conference after the Court's Ruling on Defendants' Motion to Dismiss.

12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

All Parties are amenable to settlement and ADR efforts, and will discuss specifics relating to timing and form after the Court's ruling on Defendants' Motion to Dismiss.

13. Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.   _X___ YES     ____ NO*

The parties have already consented on the record.  Plaintiffs filed a Request for Voluntary Dismissal of Defendant JUAN FRANCISCO LOPEZ-SANCHEZ on August 9, 2016.

14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

No.

15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The Parties respectfully ask the Court to set a next Case Management Conference 90 days from the December 2, 2016 hearing, and within the time period prior to that conference the Parties will meet and confer regarding this information in order to provide the Court with specific information at the next Case Management Conference.

16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited*

*Form updated August 2014*

*Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

No.

### 17. Scheduling

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

Because the Parties have not discussed a discovery schedule, scope of discovery, or the timing and approach to ADR or settlement, and such issues may be impacted by the Court's ruling on the Motions to Dismiss, we would request time to meet and confer further after the December 2, 2016 hearing and then propose more specific dates at the next Case Management Conference.  Further, the Parties believe that Court's ruling on the Motion to Dismiss may affect the timing of discovery deadlines.  However, the Parties propose May 2018 for trial.

### 18. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiffs and Defendants City and County of San Francisco and Ross Mirkarimi request a jury trial.  If this matter goes to trial, these defendants expect a trial length of approximately three to four weeks.

Defendant USA states that the claims asserted against it under the Federal Tort Claims Act must be tried by the Court without a jury pursuant to 28 U.S.C. § 2402.

### 19. Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiffs have filed a Certification of Interested Entities or Persons on June 3, 2016.  The City and County defendants and the United States are exempt from this disclosure.

The Parties respectfully ask the Court to set a next Case Management Conference 90 days from the December 2, 2016 hearing, and within the time period prior to that conference the Parties will meet and confer regarding this information in order to provide the Court with specific information at the next Case Management Conference.

### 20. Professional Conduct

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

Page **6** of **8**

*Form updated August 2014*

The parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Defendants City and County of San Francisco and Ross Mirkarimi may request that the Court bifurcate liability from damages, depending on the Court's ruling on the motion to dismiss. Such bifurcation will save resources related to damages discovery and experts.

Plaintiffs will oppose any motion to bifurcate, as it will not promote the ends of justice and will result in prejudice to the Plaintiffs. Further, Plaintiffs do not believe bifurcation will promote the economy and efficiency of handling the litigation.

Defendant United States takes no position on bifurcation at this time.

Dated:  December 1, 2016          */s/ Alison E. Cordova*
                                  Counsel for plaintiffs

Dated:  December 1, 2016          */s/ Margaret W. Baumgartner*
                                  Counsel for City Defendant

Dated:  December 1, 2016          */s/ Robin M. Wall*
                                  Counsel for United States

*Form updated August 2014*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

*Form updated August 2014*