1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   SARA WINSLOW (DCBN 457643)
3  Chief, Civil Division

4  ROBIN M. WALL (CABN 235690)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-7071
7      Fax: (415) 436-6748
       Robin.Wall@usdoj.gov
8
   Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES STEINLE, individually and as heir to KATHRYN STEINLE, deceased; ELIZABETH SULLIVAN, individually, and as heir to KATHRYN STEINLE, deceased; and JAMES STEINLE and ELIZABETH SULLIVAN, as co-representatives of the Estate of KATHRYN STEINLE,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA; CITY AND COUNTY OF SAN FRANCISCO; and ROSS MIRKARIMI,<br><br>    Defendants. | Case No. 16-cv-02859-JCS<br><br>**DEFENDANT UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFFS' MOTION FOR JUDGMENT**<br><br>Date:     May 12, 2017<br>Time:    2:00 p.m.<br>Location: Courtroom G, 15th Floor<br>           450 Golden Gate Avenue<br>           San Francisco, California<br><br>Hon. Joseph C. Spero |

| | |
|---|---|
| 1 | **RESPONSE OF DEFENDANT UNITED STATES OF AMERICA** |
| 2 | Plaintiffs apparently wish to pursue an immediate appeal of the claims dismissed by the Court in |
| 3 | its order dated January 6, 2017. To that end, plaintiffs move for entry of a final judgment pursuant to |
| 4 | Federal Rule of Civil Procedure 54(b) with respect to the parties and claims dismissed pursuant to the |
| 5 | Court's order; or, in the alternative, for certification of the same order for interlocutory appeal pursuant |
| 6 | to 28 U.S.C. § 1292(b). *See* ECF 60. |
| 7 | Defendant United States of America does not oppose plaintiffs' motion for partial judgment |
| 8 | pursuant to Rule 54(b) with respect to the dismissal of the claims based on the alleged conduct of U.S. |
| 9 | Immigration and Customs Enforcement ("ICE"); but does not believe that interlocutory appeal of that |
| 10 | issue is warranted.[1] *See, e.g.*, ECF at 60 at 1:6-8. |
| 11 | "A district court may certify an interlocutory order for appeal upon the determination that it |
| 12 | 'involves a controlling question of law as to which there is substantial ground for difference of opinion |
| 13 | and that an immediate appeal from the order may materially advance the ultimate termination of the |
| 14 | litigation.'" *Cave Consulting Group, Inc. v. OptumInsight, Inc.*, No. 15-cv-03424-JCS, 2016 WL |
| 15 | 7475581 at *2 (N.D. Cal. Dec. 29, 2016) (quoting 28 U.S.C. § 1292(b)). "Interlocutory appeal is |
| 16 | 'applied sparingly and only in exceptional cases.'" *Id*. (quoting *In re Cement Antitrust Litig.*, 673 F.2d |
| 17 | 1020, 1027 (9th Cir. 1982)). |
| 18 | With respect to ICE, the Court's order does not present a question of law as to which there is |
| 19 | "substantial ground for difference of opinion." "To determine if a 'substantial ground for difference of |
| 20 | opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch* |
| 21 | *v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). In this case, with respect to the negligence claims |
| 22 | based on ICE's conduct, the Court determined that the discretionary function exception to the Federal |
| 23 | Tort Claims Act applies, and thus plaintiffs' claims "fall outside the jurisdiction of this Court." ECF 48 |
| 24 | at 38-40. *Id*. The United States does not believe that there is "substantial ground for difference of |
| 25 | opinion" regarding whether, as the Court found, (1) "ICE must necessarily exercise discretion in |
| 26 | |
| 27 | |

---

[1] Plaintiff does not appear to argue for certification of the dismissal of the claims against ICE for interlocutory appeal pursuant to Section 1292(b), *see* ECF 60 at 8-18; but in any event, the United States does not believe that such certification would be appropriate.

DEF. USA'S RESPONSE TO MOTION FOR JUDGMENT
16-CV-02859 JCS                                2

determining what resources it is willing to devote to apprehending a particular alien" or (2) "[t]he question of whether to devote resources … necessarily implicates policy questions of whether those resources would be better spent pursuing other criminal aliens who might pose a greater known risk to the public or whom ICE might have a greater chance of successfully apprehending … ." *Id*. at 39. The Court based its findings regarding ICE and its conclusion that the discretionary function exception applies on "[u]ndisputed evidence in the record" and "established precedent." ECF 48 at 38-40. This case does not present, for example, a circuit split or a "novel and difficult question[] of first impression;" in fact, other courts have spoken to these issues, and the Court's application of the discretionary function exception does not raise a substantial difference of opinion. *See Couch*, 611 F.3d at 633. Because "[c]ertification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met," interlocutory appeal of this issue is not appropriate here. *See id*.

## CONCLUSION

For the reasons set forth above, Defendant United States does not oppose plaintiffs' motion for partial judgment pursuant to Rule 54(b) with respect to the dismissal of the claims based on ICE's conduct; but does not believe that interlocutory appeal of that issue is warranted.

Dated: April 19, 2017  BRIAN J. STRETCH
United States Attorney

 */s/ Robin M. Wall*
ROBIN M. WALL
Assistant United States Attorney
Attorneys for Defendant
United States of America